```
                                                    FILED
                                              U. S. DISTRICT COURT
          IN THE UNITED STATES DISTRICT COURT DISTRICT OF NEBRASKA
               FOR THE DISTRICT OF NEBRASKA
                                               91 JAN 25 PM 5:09 -29
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NORBERT H. EBEL |
|  | ) | CLERK |
| Plaintiffs, | ) CV90-L-40 |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| WALTER T. DREWEL, | ) ORDER |  |
|  | ) |  |
| Defendant. | ) |  |

In filing # 19 the defendant seeks discovery regarding the grand jury proceedings connected in this matter. Although not absolute, there is a long standing policy of maintaining the secrecy of grand jury proceedings in federal courts. Dennis v. United States, 384 U.S. 855, 869 (1966); In re Disclosure of Testimony Before the Grand Jury, 580 F.2d 281, 285 (8th Cir. 1978).

The exceptions to such secrecy are set out in Rule 6(e)(3) of the Federal Rules of Criminal Procedure, which allows such disclosure "when so directed by the court preliminarily to or in connection with a judicial proceeding." Id. at (C)(i). Further, the trial court may exercise substantial discretion in deciding issues concerning grand jury disclosure. United States v. Benson, 760 F.2d 862, 864 (8th Cir.), cert. denied, 474 U.S. 858 (1985); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981); United States v. Lame, 716 F.2d 515, 519 (8th Cir. 1983); United States v. Cole, 449 F.2d 194, 198 (8th Cir. 1971), cert. denied, 405 U.S. 931 (1972).

In striking the balance between the policy of secrecy and the limited exceptions in which disclosure can be required, courts have recognized that the party seeking disclosure must set out facts demonstrating a "particularized need" for inspection of the requested grand jury materials. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1959); United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986); Thomas v. United States, 597 F.2d 656, 657 (8th Cir. 1979); In re Disclosure of Testimony Before the Grand Jury, 580 F.2d at 286; United States v. Ammons, 464 F.2d 414, 417 (8th Cir.), cert. denied, 409 U.S. 988 (1972); United States v. Harflinger, 436 F.2d 928, 935 (8th Cir.), cert. denied, 402 U.S. 973 (1971).

The defendant first asserts that he wishes to examine the grand jury minutes in order to determine whether the grand jury relied upon hearsay testimony in reaching its decision to indict. This argument is insufficient to warrant disclosure. The Federal Rules of Evidence do not apply to proceedings before the grand

jury. F.R.E. 1101(d)(2). In addition, it has long been the rule in this circuit that "there is no constitutional preclusion of the use of hearsay testimony in grand jury proceedings." United States v. Bedner, 728 F.2d 1043, 1049 (8th Cir.), cert. denied, 469 U.S. 827 (1984).

Further, the defendant's motion is also supported by his contentions that an inspection of the grand jury minutes and testimony will lead to information helpful to, and possibly exculpatory of, the defendant. This is clearly insufficient to satisfy the requirement of a showing of particularized need. United States v. Short, 671 F.2d 178, 187 (6th Cir.), cert. denied, 457 U.S. 1119 (1982).[1] Mere conclusions as to the value to the defense of the grand jury transcripts are not a showing of particularized need for the requested information. The present motion appears to be more an improper attempt to seek additional discovery than a proper demonstration of the requisite need for such information. Such a request, amounting to nothing more than permission to conduct a "fishing expedition," is not at all appropriate. Thomas, 597 F.2d at 658; Blumenfield v. United States, 284 F.2d 46, 50 (8th Cir. 1980), cert. denied, 365 U.S. 812 (1961). The request to inspect the grand jury minutes will accordingly be denied.[2]

---

[1] As the Sixth Circuit observed, "if the assertion that disclosure would reveal exculpatory evidence is true, the rights of the defendant[] with respect to this material are protected by the Jencks Act and the requirements of Brady v. Maryland, 373 U.S. 83 (1963)." Short, 671 F.2d at 178.

[2] Although not raised in his brief, in his motion the defendant also appears to request this court to conduct an in camera inspection of the grand jury transcripts for possible inconsistencies. As the Eighth Circuit has repeatedly held, a trial court does not abuse its discretion in refusing to examine grand jury proceedings for possible inconsistencies where the defendant has failed to meet his burden of showing a particularized need for such an examination. See, e.g., Hance v. United States, 299 F.2d 389, 398 (8th Cir. 1962); Brilliant v. United States, 297 F.2d 385, 391-92 (8th Cir.), cert. denied, 369 U.S. 871 (1962); see also Truchinski v. United States, 393 F.2d 627, 634 (8th Cir.), cert. denied, 393 U.S. 831 (1968). The Supreme Court has not required any such in camera inspection, observing that
> [w]hile this practice may be useful in enabling the trial court to rule on a defense motion for production to it of grand jury testimony--and we do not disapprove it for that purpose--it by no means disposes of the matter. Trial judges ought not to be burdened with the task or the responsibility of examining sometimes voluminous grand jury testimony in order to ascertain inconsistencies with trial testimony.

Dennis v. United States, 384 U.S. 855, 874 (1966). In rejecting

IT IS HEREBY ORDERED that the defendant's motion to inspect grand jury proceedings, filing # 19, is denied.

Dated January 25, 1991.

BY THE COURT

_____
Senior United States District Judge

---

the adoption of such a practice as a uniform, mandatory requirement, the Eighth Circuit has similarly "recognized the drawbacks of routinely compelling trial judges to indulge in such inspection." Beatrice Foods Co. v. United States, 312 F.2d 29, 38 (8th Cir.), cert. denied, 373 U.S. 904 (1963); Berry v. United States, 295 F.2d 192, 195 (8th Cir. 1961), cert. denied, 368 U.S. 955 (1962).

3

29