```
                                                        FILED
                                                   U.S. DISTRICT COURT
           IN THE UNITED STATES DISTRICT COURT    DISTRICT OF NEBRASKA
                 FOR THE DISTRICT OF NEBRASKA
                                                   91 MAR 21 PM 2: 01
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR90-L-40 |
| | ) | NORBERT H. EBEL |
| Plaintiff, | ) | CLERK |
| | ) | MEMORANDUM AND ORDER ON |
| vs. | ) | MOTION TO DISMISS |
| | ) | INDICTMENT OR IN THE |
| WALTER T. DREWEL, | ) | ALTERNATIVE DISMISSAL OF |
| | ) | COUNTS II AND III AND MOTION |
| Defendant. | ) | FOR BILL OF PARTICULARS |

A reading of the indictment discloses that it does not fail to allege facts sufficient to constitute a criminal offense in violation of the laws of the United States. Nor does it fail to set forth sufficient facts necessary to support the essential elements of each offense. It is not vague or uncertain and does contain a plain, concise and definite written statement of the essential facts constituting the offenses as charged. There is no grounds for dismissal for the indictment's being based upon hearsay or the grand jury's being misled. The indictment is not multiplicious. Counts II, III, and IV charge separate crimes.

The defendant's complaint that there was an unnecessary delay, attributed solely to the government, as a result of which the defendant has suffered substantial actual prejudice has not been supported by any evidence. Actual prejudice from an unreasonable delay on the part of the government is an essential element. <u>United States v. Taylor</u>, 603 F.2d 732 (8th Cir.) <u>cert. denied</u> 444 U.S. 982 (1979). There is no evidence of actual prejudice.

An evidentiary hearing was held today on the defendant's position that the delay in filing the indictment was a violation of Title 18, U.S.C. § 3161(b) and (f), because the defendant was, according to the motion, filing 32, "taken into custody and arrested by agents of the Internal Revenue Service with the cooperation of the United States Marshall's (sic) Service." The question is whether, within the meaning of 18 U.S.C. § 3161(b) and (f) the defendant was arrested "in connection with such charges." "Such charges" refers to any "information or indictment charging an individual with the commission of an offense."

Here, the evidence is that the defendant was subpoenaed to appear before the grand jury on March 14, 1990, to give testimony as to his identity, to provide handwriting exemplars, fingerprints, hand prints, and palm prints and to allow photographs to be taken of him by the grand jury. When he refused to take the oath or otherwise to comply with the subpoena, he was taken before Chief Judge Lyle E. Strom and ordered to comply. When he refused to comply, the judge directed that he comply or go to jail. He complied over objection. There was a time when he was confined in a holding room by the United States Marshal Service. His restraint

was the result of the subpoena and the order of the judge as a result of the defendant's refusal to comply with the subpoena. There was no arrest for any criminal offense, but there was a restraining of his liberty for a civil contempt of court. The result is that there was no arrest in connection with any charge of the commission of a criminal offense. Title 18, U.S.C. § 3161(b) and (f), which relate to the time within which an information or indictment must be filed after an arrest, has not been violated. In United States v. Jones, 676 F.2d 327 (8th Cir. 1982), the court said:

> ". . . Our review of other parts of the Act, its legislative history and case law leads us to the conclusion that subsection 3161(b) [of 18 U.S.C. § 3161] is only applicable when the arrested individual is charged with an offense."

As to the motion for a bill of particulars, it will be denied. First, there has been no compliance with paragraph 3 of the order of November 2, 1990, which requires that such a motion must recite that counsel for the movant has conferred with opposing counsel regarding the subject of the motion in an attempt to reach an agreement on the contested matters without involvement of the court. There is no statement like that in the defendant's motion. Second, the motion appears to be asking for evidentiary materials. That is not an acceptable basis for such a motion. United States v. Long, 449 F.2d 288 (8th Cir. 1971), cert. denied 405 U.S. 974 (1972).

IT IS ORDERED that:

1. the motion to dismiss indictment or in the alternative dismissal of Counts II and III, filing 32, is denied; and

2. the motion for bill of particulars, filing 33, is denied.

Dated March 21, 1991.

BY THE COURT

*[signature]*
Senior United States District Judge