FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

91 AUG 27 PM 3: 44 - 64

NORBERT H. EBEL
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR90-L-40 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS REGARDING PRESENTENCE REPORT |
| WALTER T. DREWEL, | ) | |
| Defendant. | ) | |

There are no objections by the government to the presentence report, but the defendant has made several, as shown in the defendant's objections and position re presentence report, filing 60.

The defendant first objects to the use of Sentencing Guideline 2F1.1, rather than 2T1.3. I shall remain consistent with my holding in United States v. Kevin Drewel, CR90-L-42. There I pointed out that the difficulty in applying § 2T1.3 is in its saying that the base offense level is 6, unless it is computed by the "tax loss" as shown in § 2T4.1. The assumption of that guideline section is that there was an understatement in the tax document, but in this defendant's case, as was true in the Kevin Drewel case, there was no understatement, but rather a claim of a refund. Walter Drewel claimed that there had been an overpayment of federal income tax of $393,248.93 and he asked for a refund of that amount in 1989. In 1990 he filed another false income tax return, claiming a refund of $2,413,981.57. If the "tax loss" were to be considered the amount claimed by way of refund, the base offense level would, according to 2T1.3, be 19. If the claimed refund is limited to the $393,248.93 figure, the base offense level would be 15. According to the Commentary, the "magnitude of the false statements made" is to be calculated in some manner. Although the words of § 2T1.3 do not quite fit, the policy of the section does.

If § 2F1.1 is utilized, the base offense level is 6, and there must be added to it 13 levels, if the potential loss be considered to be $2,823,737.60, as the probation officer has done in paragraph 25 of the presentence report. If the potential loss be considered to be $393,000, the base offense level would be 6, to which 9 levels would be added according to § 2F1.1.

As I indicated in the Kevin Drewel case, another tack could be the use of departure provisions. Section 5K2.0, a policy statement, says that, if a court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described," the court may depart from

64

the range established by the applicable guideline.  Using a base
level of 6 under § 2T1.3, which corresponds to a base offense level
of 6 under § 2F1.1 with a loss of $2,000 or less, would not take
into account an attempted loss to the government of somewhere
between $393,000 and $2,823,737.60.  By restricting § 2T1.3(a)(1)
to offenses committed "in order to facilitate evasion of a tax" the
Sentencing Commission would not have taken adequately into account
losses or attempted losses that may arise from false statements
made in tax documents and prosecuted under 26 U.S.C. § 7206(1).
The departure policy statements says that:

> "Any case may involve factors in addition to those identified
> that have not been given adequate consideration by the
> Commission.  Presence of any such factor may warrant departure
> from the guidelines, under some circumstances, in the
> discretion of the sentencing court."

As I said in United States v. Kevin Drewel, supra:

> "I find no difference in a 'loss' 'to facilitate evasion
> of a tax' and a 'loss' arising from an effort to obtain
> a refund, where no actual evasion or refund results.  The
> magnitude of the crime has to be weighed, and the amount
> involved in the attempt is a fair measure of one of the
> prime elements of the crime.  Another factor that the
> departure policy statement in § 5K2.7 allows is
> significant disruption of a governmental function.  There
> is evidence of that here in the substantial amount of
> work involved by government officials in unraveling the
> defendant's claim and seeking to protect against similar
> claims."

I find, accordingly, that the computation in paragraph 25 is
accurate, although application of § 2T1.3 or the departure
provisions would arrive at approximately the same result.

The suggestion by the defendant that Walter T. Drewel's mental
state is a mitigating factor which should be applied to warrant a
downward departure is rejected.  Sentencing Guideline § 5H1.3 says:

> "Mental and emotional conditions are not ordinarily
> relevant in determining whether a sentence should be
> outside the guidelines, except as provided in the general
> provisions of Chapter Five.   Mental and emotional
> conditions, whether mitigating or aggravating, may be
> relevant in determining the length and condition of
> probation or supervised release."

The report of Dr. John D. Baldwin, a psychiatrist, who examined the
defendant for the purpose of determining whether he was capable of
standing trial says that the defendant is competent to stand trial,
although "actively psychotic."   It says that:

> "I believe Mr. Drewel is suffering from PARANOIA, and

that his filings and statements to the IRS are a direct
result of that paranoia.  He does understand, however,
what he did and may disagree with the court about whether
or not it is illegal."

That mental illness warrants treatment; it does not warrant a
reduction in time of imprisonment.

The defendant also expresses alarm at the statement in the
presentence report in paragraph 60 that:

"Since Mr. Drewel only pled guilty to one count the
court's ability to sentence Mr. Drewel within the
guideline range is hampered by the three year maximum
penalty."

It is true that the statutory maximum under Count I is three years'
imprisonment, $100,000 fine, one year's supervised release,
restitution, court costs and a $50 special assessment.  I shall not
sentence the defendant in excess of the statutory maximums.

The defendant also states in his objections and position re
presentence report, filing 60, that "at no time did the Defendant
attempt to defraud anyone nor did his actions result in the
defrauding of anyone."  I disagree.  He did attempt to defraud the
United States.

The defendant further objects to adjustment for obstruction of
justice in paragraph 22.  The record shows that Walter T. Drewel
filed a bogus bankruptcy action during the pendency of this
criminal proceeding, designed to obstruct the proceeding.  The
evidence of that appeared in a hearing on January 11, 1991, to
determine whether the defendant was in violation of a condition of
his pretrial release.  See filings 23, 24, 25, and 26.  The
obstruction-of-justice increase is warranted.

The defendant objects to the statement in paragraph 46 that,
as to Kevin Drewel's current predicament, Walter Drewel "doesn't
seem to care one way or the other."  I shall disregard the
statement.

The defendant objects to paragraph 57, which says that it
appears that the defendant would be able to pay any restitution
ordered plus the costs of supervised release.  He says that he is
not able to pay restitution, if ordered to do so, plus the cost of
supervised release.  He agrees that it does not appear that he
would be able to pay all the costs of incarceration that might be
incurred.  The defendant's ability to pay is set out in paragraph
56, from which I find that he would be able to pay any restitution
ordered plus the costs of supervised release, but not the costs of
incarceration.

The defendant further objects to the attachment of the letter
setting forth the investigation costs dated January 29, 1991,

because it deals with Thomas Higgins and Kevin Drewel. It is true
that those are the only persons mentioned in the letter and I have
asked the probation officer to obtain a clarifying letter from the
Internal Revenue Service.

Counsel may object to these tentative findings at the
sentencing hearing, but no oral testimony will be received, as none
has been requested. If a clarifying letter from the Internal
Revenue Service is received, it shall be distributed to counsel,
who then may register objections to it at the sentencing hearing.

Dated August 27, 1991.

BY THE COURT

United States Senior District Judge